UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 97-8434-CIV-RYSKAMP/VITUNAC

NATIONAL PARTNERSHIP
INV. CORP., et al.,

    Plaintiff,

V.

NATIONAL HOUSING
DEV. CORP.,

    Defendant.
_____/

## ORDER DENYING GARNISHEE'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court pursuant to Garnishee City First Mortgage Corp.'s ("City First") Motion for Summary Judgment, Filed September 20, 2006 **[DE 367]**.[1] Plaintiffs National Partnership Investment Corporation, et al.(" Plaintiff") responded on October 5, 2006 **[DE 370]**. City First replied on October 13, 2006 **[DE 375]**. This motion is ripe for adjudication.

### I. BACKGROUND

The action preceding this garnishment proceeding was tried on October 29, 1998. On

---

[1] Local Rule 7.5 requires that motions for summary judgment "be accompanied by a memorandum of law, necessary affidavits, and a concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." City First did not file its statement of facts with its Motion for Summary Judgment. Realizing the error, City First has filed a separate statement of facts, along with its Reply. The Court will accept the late-filed statement of material facts.

November 4, 1998, the Court entered a Final Judgment in favor of Plaintiffs foreclosing Defendant National Housing's interest in Mangonia, dismissing with prejudice all of National Housing's counterclaims against Plaintiffs and determining Plaintiffs' entitlement to attorneys' fees, receiver's and receiver's counsel's fees and costs.

On November 24, 1998, Plaintiffs filed their Motion for Attorneys' Fees, Costs, Receiver's Fees and Receiver's Counsel's Fees. On April 6, 1999, the Court entered a Judgment for $457,486.07 in favor of Plaintiffs and against National Housing. Except for a minimal recovery of $908.78, the Judgment is outstanding in remains unsatisfied. Plaintiffs delivered a writ of execution to the U.S. Marshal for the Southern District of Florida in an effort to collect the judgement. The Marshal was unable to satisfy the writ of execution, and his return shows the writ of execution valid and outstanding. The amount due Plaintiffs on the Judgment, with post-judgment interest for over seven years, is approximately $650,000.

Plaintiffs instituted garnishment proceedings against Florida Development Enterprises Corporation ("Florida Development"), an entity related by common ownership to judgment debtor National Housing, and recovered a summary judgment against Florida Development for $164,176.88 on April 8, 2003, and an additional judgment by default against Florida Development on June 21, 2005.

Based on the initial judgment against Florida Development, Plaintiffs instituted garnishment proceedings against City First. City First answered Plaintiffs' writ of garnishment stating it was not indebted to Florida Development, did not know anyone who was and was not holding any property of Florida Development. Plaintiffs replied pursuant to Fla. Stat. § 77.061, alleging that a conveyance of real property from Florida Development to City First in May of

3

2004 should be set aside to satisfy Plaintiffs' judgment against Florida Development.[2]

It is undisputed that at the time of the conveyance from Florida Development to City First, City First had a mortgage on the property with a balance of approximately $575,000. City First characterizes the transfer as a deed in lieu of foreclosure that it took to secure its own debt, presenting an appraisal indicating that the property had a market value of $575,000 at the time of the transfer. City First moves for summary judgment, asserting (1) that the Florida garnishment statute does not allow levies against real property, and (2) that Plaintiffs may not seek relief because the transfer was not a fraudulent conveyance.

## II.  LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986) (quoting Fed. R. Civ. P. 56(c)).  An issue is "material" if it is a legal element of the claim under applicable substantive law that may affect the resolution of the action.  See Anderson v. Liberty

---

[2]The subject property is a 5.07 acre vacant parcel of Residential High Density/Planned Unit Development/Congregate Living Facility zoned land situated on the east side of North Harbor Hill Road in unincorporated Palm Beach County with a West Palm Beach mailing address.  The property is within half a mile north of Okeechobee Boulevard between Military Trail E and Florida's Turnpike.

4

Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). An issue is "genuine" if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party. See id., 106 S.Ct. at 2510.  The movant may meet this standard by presenting evidence demonstrating the absence of a dispute of material fact or by showing that the nonmoving party has not presented evidence in support of an element of its case on which it bears the burden of proof. Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552-53.  The moving party need not supply "affidavits or other similar materials negating the opponent's claim." Id., 106 S.Ct. at 2552-53.

Once the moving party meets its burden, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(e)).  Although the nonmovant need not present evidence that would be admissible at trial, it may not rest on his pleadings. Id., 106 S.Ct. at 2553.  "[T]he plain language of rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; 106 S.Ct. at 2552.  See also Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1281-82 (11th Cir. 1999).

### III.  DISCUSSION

**A.     Plaintiffs Make No Improper Use of the Garnishment Statute**

The Florida garnishment statute provides for the garnishment of either "any debt due to the defendant by a third person" or "tangible or intangible personal property of defendant in the

possession or control of a third person." Fl. Stat. § 77. 01. City First asserts that Plaintiffs are improperly attempting to attach its real property via a garnishment proceeding. Plaintiffs explain that they are not seeking the real property itself, but the monetary value of the property, or excess monetary value of the property, conveyed to City First.

Plaintiffs disagree with City First as to the valuation of the property. Plaintiffs present their own appraisal indicating that the property was worth between $1.9 and $2.2 million at the time of the transfer. Thus, even if the transfer canceled the debt, which Plaintiffs also dispute, City First would still owe Florida Development $1,325,000.

City First has cited no authority for the proposition that Plaintiffs are not entitled to garnish the value or excess value of the real property conveyed in the transaction. The cases on which City First rely are wholly irrelevant to the matter at hand. Paz v. Hernandez, 654 So.2d 1243, 1244 (Fla. 3d DCA 1995), held that a judgment creditor was not entitled to attorneys' fees incurred in pursuing a garnishment proceeding. Williams v. Espirito Bank of Florida, 656 So.2d 212, 213 (Fla. 3d DCA 1995) held that a head of household's disposable earnings were exempt from a wage garnishment. Finally, Florida Power & Light Co. v. Crabtree Construction Co., Inc., 283 So.2d 570, 573 (Fla. 4th DCA 1973) held that a garnishee should have been granted leave to amend its answer to a writ of garnishment. Plaintiffs properly seek a garnishment judgment against City First for money owed to Florida Development or for the monetary value of the property in its possession that is owed to Florida Development.

6

**B.      Factual Questions Exist As to Whether the Conveyance Was Fraudulent**

Florida law allows a party to seek relief from a fraudulent conveyance through a garnishment proceeding: "Although a transfer of funds from a judgment debtor to a third party may be valid as against the judgment debtor, the creditor may assert its impropriety and reach that fund by garnishment.  Florida law permits a judgment creditor to use garnishment to retrieve the fruits of fraudulent transfer." National Car Rental Sys., Inc., v. Bruce A. Ryals Enterprises, Inc., 380 So.2d 529, 530 (Fla. 5th DCA 1980)(citations omitted).

City First asserts that the transfer of the property was not fraudulent because Florida Development merely preferred "one creditor over another."  Invoking Nelson v. Cravero Constructors, Inc., 117 So.2d 764, 766 (Fla. 3d DCA 1960), City First maintains that the transfer was merely a transfer to liquidate a pre-existing debt, essentially a deed in lieu of foreclosure.  Yet here, unlike Nelson, it is not clear that the transfer was in satisfaction of an antecedent debt.  The quit-claim deed that transferred the property to City First provides that the transfer was not in satisfaction of the mortgage:

> The execution, delivery and recording of this Deed is not intended
> to effect a merger or extinguish that certain mortgage executed by
> the Grantor to the Grantee recorded in Official Records Book
> 13980 at page 1257 of the Public Records of Palm Beach County,
> Florida, it being the specific intent of the parties that no such
> merger occur and that the lien of the reference mortgage not be
> extinguished by this instrument.

Sanderson v. Hudlett, 830 So.2d 845, 848 (Fla. 4th DCA 2003) (holding that whether a deed to a mortgage with the deed in lieu of foreclosure is a matter of intent to determine to be determined

at the time of transfer).

City First also maintains that the transfer of the property was not a fraudulent conveyance because the property was of essentially equal value to the mortgage debt. In re Goldberg, 229 B.R. 877, 885 (S.D. Fla. 1998) (noting that the Eleventh Circuit has adopted as a "useful guideline" the principle that a transfer is avoidable if it is for less than 70 percent of market value). Plaintiffs' real estate expert avers that the value of the property at the time of the transfer was between $1.9 million and $2.2 million, however. Even if the Court were to accept City First's valuation, which it cannot on a Motion for Summary Judgment, Plaintiffs maintain that City First still received property worth $575,000 for no consideration.

The Court concludes that genuine issues of material fact exist as to the following questions:

1. What was the value of the property in May of 2004?
2. What is the present value of the property?
3. Was the transfer of the property fraudulent as to Plaintiffs?

Accordingly, City First's Motion for Summary Judgment is denied. A notice of trial shall issue by separate order.

## IV.  CONCLUSION

THE COURT, having considered the pertinent portions of the record and being otherwise fully advised, hereby

ORDERS AND ADJUDGES that the Motion for Summary Judgment, filed September

8

20, 2006 **[DE 367]** is DENIED.

DONE AND ORDERED at Chambers the in the West Palm Beach, Florida this 15th day of November, 2006.


Copies provided:  S/Kenneth L. Ryskamp
all parties and counsel of record  KENNETH L. RYSKAMP.
  UNITED STATES DISTRICT JUDGE